UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAGEBRUSH HEALTH SERVICES,<br><br>*Plaintiff*,<br><br>v.<br><br>XAVIER BECERRA, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-127 (LLA) |

### ORDER

Plaintiff Sagebrush Health Services ("Sagebrush") brings this action against Xavier Becerra, in his official capacity as Secretary of Health and Human Services ("HHS"), Carole Johnson, in her official capacity as the Administrator of the Health Resources and Services Administration ("HRSA"), and their respective agencies, alleging violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*  ECF No. 1.

Sagebrush is a Nevada nonprofit organization that "collaborates with specialty care clinics in Nevada, Connecticut, and South Carolina." ECF No. 1 ¶ 3.  Since 2022, Sagebrush has participated in the 340B Program—a federal program that allows certain health care providers to purchase substantially discounted outpatient medications from specific manufacturers. *Id.* ¶¶ 10, 29.  Beginning in February 2024, HRSA began requesting documentation from Sagebrush to verify that Sagebrush and its clinics were qualified to participate in the 340B Program. *Id.* ¶ 34.  After a series of back-and-forth communications and document productions, HRSA concluded that fifty-five Sagebrush clinics were not eligible for the program and required Sagebrush to "repay all savings that it realized from the allegedly ineligible [s]ites' participation in the 340B Program," an amount that "totals tens of millions of dollars," and the repayment of which "would force Sagebrush

to cease all operations." *Id.* ¶¶ 39-41.  HRSA informed Sagebrush that it would terminate twenty of the ineligible sites by January 13, 2025.  *Id.* ¶ 47.  Sagebrush alleges that HRSA's decision to terminate the sites and require repayment of all drug discounts was "unlawful, arbitrary, and capricious."  *Id.* ¶ 1.

On January 16, 2025, Sagebrush filed its complaint and simultaneously requested that this court issue a temporary restraining order and preliminary injunction "enjoining HRSA from terminating Sagebrush and Sagebrush's [s]ites from the 340B [P]rogram absent proper procedure as defined under statute and through HRSA's own regulations." ECF No. 2-1, at 13.  While it does not appear from the docket that service has been effected, counsel for Defendants entered an appearance in the case on January 17, 2025.  ECF No. 7.

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo while the court considers the merits of the case.  *M.G.U. v. Nielsen*, 316 F. Supp. 3d 518, 520 (D.D.C. 2018) (temporary restraining order); *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (preliminary injunction).  "The status quo is the last *uncontested* status which preceded the pending controversy."  *Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 733 (D.C. Cir. 2022).  Thus, although the HRSA's deadline for terminating the twenty allegedly ineligible sites has already passed, a temporary restraining order or preliminary injunction would "allow[] the court to restore the status quo ante [if] the continuation of the changed situation would inflict irreparable harm on plaintiff."  11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2948 (3d ed. 2024).

To secure a temporary restraining order or preliminary injunction, "the moving party must show (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other

2

interested parties, and (4) that the public interest would be furthered by the injunction." *England*, 454 F.3d at 297; *Council on Am.-Islamic Rels. v. Gaubatz*, 667 F. Supp. 2d 67, 74 (D.D.C. 2009) (temporary restraining order).  In order to assess these factors, the court needs full briefing from the parties.

The court may also issue a brief administrative stay while it considers the merits of a plaintiff's request for a temporary restraining order and preliminary injunction.  An administrative stay does not require an inquiry into the merits of the case, but instead "freeze[s] legal proceedings until the court can rule on a party's request for expedited relief."  *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (quoting Rachel Bayefsky, Administrative Stays: Power and Procedure, 97 Notre Dame L. Rev. 1941, 1942 (2022)).  In order to maintain the status quo until Sagebrush's motion is fully briefed, it is hereby **ORDERED** that an **ADMINISTRATIVE STAY** is entered pending further order of the court.  During the pendency of the administrative stay, Defendants shall refrain from terminating or enforcing the termination of Sagebrush's allegedly ineligible clinics and from requiring Sagebrush to repay funds allegedly owed to drug manufacturers participating in the 340B Program.

It is further **ORDERED** that Defendants shall respond to Sagebrush's request for a temporary restraining order by **5:00 p.m. on January 24, 2025**, and Sagebrush shall file a reply, if any, by **5:00 p.m. on January 27, 2025**.

It is further **ORDERED** that the parties shall meet and confer to determine three mutually agreeable times between January 29, 2025, and January 31, 2025, for a hearing on Sagebrush's motion.  The parties shall communicate these times to the Courtroom Deputy Clerk, Ms. Margaret Pham (Margaret_Pham@dcd.uscourts.gov), by **5:00 p.m. on January 24, 2025**.

**SO ORDERED.**

_____

LOREN L. ALIKHAN
United States District Judge

Date: January 17, 2025

4