IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAGEBRUSH HEALTH SERVICES,

Plaintiff,

v.                                                                         Civil Action No. 1:25-cv-00127

XAVIER BECERRA, in his official capacity,
and U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES and CAROLE
JOHNSON, in her official capacity, and
HEALTH RESOURCES AND SERVICES
ADMINISTRATION,

Defendants.

## DECLARATION OF CHANTELLE V. BRITTON

I, Chantelle Britton, M.P.A., M.S., declare as follows pursuant to 28 U.S.C. § 1746:

1.  I am the Director of the Office of Pharmacy Affairs (OPA). OPA is part of the Health Resources and Services Administration (HRSA), an agency within the U.S. Department of Health and Human Services. OPA is responsible for the day-to-day administration of the 340B Program. I make this declaration based on personal knowledge and information provided to me by my staff in the course of my official duties as the Director of OPA.

2.  Section 340B of the Public Health Service Act, 42 U.S.C. § 256b, requires participating pharmaceutical manufacturers to sell covered outpatient drugs at a discount to eligible health care organizations. The 340B statute identifies fifteen categories of health care organizations eligible to participate in the 340B Program ("covered entities"). 42 U.S.C. § 256b(a)(4). Under Section 256b(a)(4)(K), health care organizations that receive certain funds to provide treatment for sexually transmitted diseases under Section 318 of the Public Health Service Act are eligible to participate in the 340B Program.

3. OPA registers covered entities for participation in the 340B Program via the Office of Pharmacy Affairs Information System ("OPAIS"). Plaintiff Sagebrush Health Services ("Sagebrush") has had numerous sites registered on OPAIS for participation in the 340B Program pursuant to Section 256b(a)(4)(K). On February 2, 2024, OPA notified Sagebrush that it would be conducting a review of each site's compliance with 340B Program requirements. On December 20, 2024, HRSA completed its review and determined that fifty-five Sagebrush sites had failed to comply with the statutory eligibility criteria of Section 256b(a)(4)(K). Specifically, Sagebrush had failed to provide adequate documentation to demonstrate receipt of Section 318 funding for certain periods for which the fifty-five sites had been actively registered and were therefore ineligible to participate in the program under Section 256b(a)(4)(K). OPA advised Sagebrush by letter dated December 20, 2024 that the twenty sites that were still registered as active would be terminated on December 27, 2024.[1]

4. Following its December 20, 2024, letter to Sagebrush, OPA provided Sagebrush another opportunity to submit documentation sufficient to demonstrate the sites' eligibility during the relevant periods. Sagebrush again failed to provide sufficient documentation. On January 13, 2025, OPA informed Sagebrush that it would terminate all the ineligible sites, and on January 14, 2025, the following twenty sites were terminated: STD068107, STD064891, STD891061, STD89118, STD89123, STD891284, STD89027, STD890481, STD890521, STD891281, STD891285 STD891286, STD891287, STD89148, STD89149, STD891491, STD89511, STD890529, STD891293, and STD89509. The terminations were entered into OPAIS on January 14, 2025, and effective on that date. OPA informed Sagebrush on January 14,

---

[1] Other sites referenced in the December 20, 2024 letter that were ineligible had been self-terminated by Sagebrush by the time OPA sent its December 20, 2024, letter.

2025, that the ineligible sites had been terminated. OPA has not taken any other steps since January 14, 2025, to effectuate or enforce termination of the twenty listed sites.

5. In its December 20, 2024, and January 13, 2024, letters, OPA further instructed Sagebrush to determine the full scope of its non-compliance and repay affected manufacturers for drugs purchased at 340B prices during periods in which the sites were ineligible for participation under Section 256b(a)(4)(K). Since that correspondence, OPA has not taken any other steps to effectuate or enforce Sagebrush's obligation to repay affected manufacturers.

6. I became aware of the Court's Order regarding an Administrative Stay (Docket No. 8) on or about 10 a.m. on Tuesday, January 21, 2025, when agency counsel brought it to my attention. As stated above, the terminations were entered on January 14, 2025, and effective that day. Defendants have taken no actions to enforce the terminations. Defendant is not responsible for nor involved with any repayment of any funds to manufacturers due to periods of ineligibility. Accordingly, Defendants have taken no action regarding Sagebrush's repayment to impacted manufacturers.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on January 24, 2025

_____

Chantelle V. Britton, M.P.A., M.S.
Director
Office of Pharmacy Affairs
Office of Special Health Initiatives
Health Resources and Services Administration