UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAGEBRUSH HEALTH SERVICES, <br><br> Plaintiff, <br><br> v. <br><br> XAVIER BECERRA, Secretary of U.S. Department of Health and Human Services et al., <br><br> Defendants. | Civil Action No. 25-0127 (LLA) |

## DECLARATION OF CHANTELLE V. BRITTON

I, Chantelle Britton, M.P.A., M.S., declare as follows pursuant to 28 U.S.C. § 1746:

1.    I am the Director of the Office of Pharmacy Affairs (OPA). OPA is part of the Health Resources and Services Administration (HRSA), an agency within the U.S. Department of Health and Human Services. OPA is responsible for the day-to-day administration of the 340B Program. I make this declaration based on personal knowledge and information provided to me by my staff in the course of my official duties as the Director of OPA.

2.    Section 340B of the Public Health Service Act, 42 U.S.C. § 256b, requires participating pharmaceutical manufacturers to sell covered outpatient drugs at a discount to eligible health care organizations. The 340B statute identifies fifteen categories of health care organizations eligible to participate in the 340B Program ("covered entities"). 42 U.S.C. § 256b(a)(4). Under Section 256b(a)(4)(K), health care organizations that receive certain funds to provide treatment for sexually transmitted diseases under Section 318 of the Public Health Service Act are eligible to participate in the 340B Program.

1

3.      OPA registers covered entities for participation in the 340B Program via the Office of Pharmacy Affairs Information System ("OPAIS"). Plaintiff Sagebrush Health Services ("Sagebrush") has had numerous sites registered on OPAIS for participation in the 340B Program pursuant to Section 256b(a)(4)(K).

4.      On February 2, 2024, OPA notified Sagebrush that it would be conducting a review of Sagebrush's sites for compliance with 340B Program requirements, based on a recent increase in 340B drug purchases by a majority of those sites. In that notification letter, OPA asked Sagebrush to answer a series of questions and provide documentation to demonstrate its sites' compliance with 340B Program requirements. ECF No. 2-2 at 8-10.

5.      Over the course of the next ten months, OPA and Sagebrush exchanged numerous letters and documents in response to OPA's February 2, 2024, request and several follow-up requests. ECF No. 2-2 at 13-27, 29-33, 35-61, 63, 65-66. By December 20, 2024, OPA had completed its review of 340B Program compliance for Sagebrush sites and determined that fifty-five Sagebrush sites had failed to comply with the statutory eligibility criteria of Section 256b(a)(4)(K). Specifically, Sagebrush had failed to demonstrate that each of the fifty-five sites had received Section 318 funding during all periods for which they had been registered as 340B Program participants in OPAIS. These sites were therefore ineligible for the 340B Program under Section 256b(a)(4)(K) during the periods for which they had not demonstrated receipt of funding. ECF No. 2-2 at 68-69.

6.      Of the fifty-five sites, twenty were ineligible for the current period but were still active registrants in OPAIS. Accordingly, these twenty sites were subject to immediate termination in OPAIS. OPA's determination of ineligibility as to each of these twenty sites was based on the following deficiencies in Sagebrush's documentation.

7.     <u>Sites STD068107 and STD064891</u>: OPA determined that these two Sagebrush

sites were subject to termination because they had never received Section 318 funding or support

from the Connecticut Department of Public Health (CDPH). Sagebrush had claimed that these

two sites were receiving Section 318 support, in the form of HIV test kits, through CDC Award

NU62PS924521 and a corresponding CDPH subaward to Sagebrush. ECF No. 2-2 at 20. CDPH

informed OPA, however, that CDPH had never provided funding or supplies to either of these

two Sagebrush entities. CDPH further informed OPA that Sagebrush and CDPH had no

subaward agreement that would have allowed the Sagebrush entity that had received

funds/supplies from CDPH (STD06489, which is still active in OPAIS) to provide those

funds/supplies to other Sagebrush entities. Ex. A (Oct. 17, 2024, email from CDPH to OPA).

Accordingly, these two registered sites were currently ineligible for the 340B Program.

8.     <u>Sites STD891061, STD89118, STD89123, and STD891284</u>: OPA determined that

these four Sagebrush sites were subject to termination because they had not received Section 318

funding or support from the Nevada Department of Health and Human Services (NHHS) since

the award period that ended February 1, 2024. Sagebrush had claimed that these four sites were

receiving Section 318 support, in the form of condoms, through CDC Award 6NH25PS005179.

ECF No. 2-2 at 19. The NHHS notice of subaward to Sagebrush for the February 1, 2024, to

January 31, 2025, period, however, identifies only one Sagebrush entity (STD891132, which is

still active in OPAIS) and did not identify these four Sagebrush entities.[1] Ex. B (Notice of

---

[1]     Although there is a pending application to amend subaward SG-2024-00109 to add
Sagebrush sites, NHHS confirmed to OPA that it has not yet executed that pending amendment
or disbursed funds pursuant to that pending amendment and that subaward SG-2024-00109 is
still the operative agreement. Although NHHS had told OPA in its October 24, 2024, letter that
"[a]ll 49 sites currently receive support," Ex. E at 3, OPA understood this to be a reference to the
pending application to add sites. Indeed, OPA's subsequent communications with NHHS
confirmed that only one site (STD891132) had actually received any funds.

Subaward, SG-2024-00109). The notice of subaward further states that no portion of the award

funds may be subcontracted without prior written approval, which NHHS did not grant. *Id.* at 3.

Accordingly, these four registered sites were currently ineligible for the 340B Program.

       9.      <u>Sites STD89027, STD890481, STD890521, STD891281, STD891285</u>

<u>STD891286, STD891287, STD89148, STD89149, STD891491, and STD89511</u>: OPA

determined that these eleven sites were subject to termination because they had not received

Section 318 funding or support from NHHS after the award period that ended January 1, 2023.

Sagebrush had claimed that these eleven sites were receiving Section 318 support, in the form of

condoms, through CDC Award 6NH25PS005179. ECF No. 2-2 at 19. The NHHS notice of

subaward to Sagebrush for the period February 1, 2024, to January 31, 2025, however, identified

only one Sagebrush entity (STD891132, which is still active in OPAIS) and did not identify any

of these eleven entities. Ex. B. Furthermore, the notice of subaward states that no portion of the

grant funds received from NHHS can be subcontracted without prior written approval, which

NHHS did not grant. *Id.* at 3. Accordingly, these eleven registered sites were currently ineligible

for the 340B Program.

       a.    These eleven sites were also ineligible for the 340B program during the preceding

period. The NHHS notice of subaward for the preceding period, January 1, 2023, to January 31,

2024, did include a list of nineteen additional Sagebrush entities. Ex. C (Notice of Subaward SG-

26044 and amendments 26044-1 and 26044-2). OPA was able to reconcile some of the nineteen

entities listed on the notice of subaward with registered Sagebrush entities based on the address

information provided on the notice of subaward, but it was unable to reconcile these eleven

Sagebrush entities.

b.   More specifically, seven of these eleven sites – STD89027, STD890481,

STD890521, STD891285 STD891286, STD89148, and STD89511 – were clearly not included

on the notice of subaward based on their street addresses. *Compare* ECF No. 2-2 at 50-52 *with*

Ex. C at 6. Two of the remaining four sites – STD89149 and STD891491 – had street addresses

that were the same and that matched the street address of one entity listed on the notice of

subaward. *Id.* These two Sagebrush sites, however, had different suite numbers, and the entity

listing in the notice of subaward did not identify a suite number. *Id.* As a result, OPA was unable

to identify which of the two sites was the site covered by the subaward. The remaining two sites

– STD891281 and STD891287 – had the same issue.

c.   Because of this ambiguity, on July 3, 2024, OPA asked Sagebrush to provide

documentation <u>from NHHS</u> to verify the eligibility of the sites that OPA could not reconcile.

OPA asked that the documentation from NHHS include each site's name, address, and 340B ID.

ECF No. 2-2 at 31. Sagebrush's response, provided on August 2, 2024, failed to provide

sufficient clarifying information about these sites. Instead, Sagebrush acknowledged that it had

made no subcontract arrangement with NHHS but was nonetheless using the support to provide

certain services to other Sagebrush entities. ECF No. 2-2 at 38.

d.   In a further attempt to clarify the ambiguity, OPA sent a letter on October 3, 2024,

to NHHS providing a list of Sagebrush's registered sites and asking NHHS to provide

documentation that each of the Sagebrush registered sites was included in a subaward agreement

with NHHS. Ex. D (Oct. 3, 2024, Letter from OPA to NHHS). NHHS's response, however,

included the same list of nineteen sites in the SG-26044 subaward that OPA was previously

unable to reconcile with Sagebrush's registered sites. Ex. E (Oct. 24, 2024, Letter from NHHS to

OPA).

e.    OPA thus determined that Sagebrush had failed to provide documentation

sufficient to allow OPA to conclude that these eleven sites were included in the notice of

subaward for the period January 1, 2023, to January 31, 2024. Furthermore, the notice of

subaward states that no portion of the grant funds received from NHHS can be subcontracted

without prior written approval, which NHHS did not grant. Ex. C at 2. Accordingly, none of

these eleven sites were eligible for the period January 1, 2023, to January 31, 2024.

10.    Sites STD890529, STD891293, and STD89509: OPA determined that these three

sites were subject to termination because they had not received Section 318 funding or support

from NHHS at any point in time. Sagebrush had claimed that these three sites were receiving

Section 318 support, in the form of condoms, through CDC Award 6NH25PS005179 to NHHS.

ECF No. 2-2 at 19. The NHHS notices of subaward for the period February 1, 2024, to January

31, 2025, and for the period January 1, 2023, to January 31, 2024, however, did not identify any

of these three entities. Exs. B & C. Furthermore, both notices of subaward provide that no

portion of the grant funds may be subcontracted without prior written approval, which NHHS did

not grant. *Id.* Accordingly, these three registered sites were currently ineligible for the 340B

Program.

11.    On December 20, 2024, OPA sent a letter to Sagebrush informing it that these

twenty sites would be terminated from OPAIS on December 30, 2024. ECF No. 2-2 at 68-69.

Following that letter, and at Sagebrush's request, OPA provided Sagebrush another opportunity

to submit documentation sufficient to demonstrate the sites' eligibility during the relevant

periods. ECF No. 2-2 at 71-72.

12.    On January 13, 2025, OPA advised Sagebrush that the additional documentation it

had provided was insufficient to demonstrate that these twenty Sagebrush entities were currently

receiving Section 318 funding. ECF No. 2-2 at 87. OPA advised Sagebrush that it would

terminate the ineligible sites, and on January 14, 2025, the two Connecticut sites and eighteen

Nevada sites were terminated. The terminations were entered into OPAIS on January 14, 2025,

and effective on that date. OPA informed Sagebrush on January 14, 2025, that the ineligible sites

had been terminated.

13.    In its December 20, 2024, and January 13, 2025, letters, OPA further instructed

Sagebrush to determine the full scope of its non-compliance and repay affected manufacturers

for drugs purchased at 340B prices during periods in which sites were ineligible for participation

under Section 256b(a)(4)(K). ECF No. 2-2 at 71-72, 87.


I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.

Executed on January 24, 2025


_____

Chantelle V. Britton, M.P.A., M.S.
Director
Office of Pharmacy Affairs
Office of Special Health Initiatives
Health Resources and Services Administration