IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAGEBRUSH HEALTH SERVICES,<br><br>      Plaintiff,<br><br>    v.<br><br>DOROTHY FINK, Acting Secretary of Health and Human Services, in her official capacity, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>and<br><br>CAROLE JOHNSON, in her official capacity, HEALTH RESOURCES AND SERVICES ADMINISTRATION<br><br>      Defendants. | Civil Action No. 25-127 (LLA) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' RELATED CASE NOTICE**

Defendants' Notice of Related Case is nothing more than a transparent effort in judge shopping. Faced with an Order to Show Cause and the Court's ruling that it is "appearing to the court that Defendants have not complied with the court's administrative stay" (ECF 13), the Defendants suggest that the present case "involves common issues of fact" with a case filed by certain drug manufacturers challenging the administration of the 340B Drug Program.[1]

This case, however, does not involve the merits of the 340B Drug Program nor the merits of the decision to admit Sagebrush into the program nor the merits of the decision to terminate Sagebrush from the program. Rather, this case is limited exclusively to the Defendants' failure to

---

[1]  *Amgen, Inc. v. Becerra*, Civ. A. No. 24-3571 (JEB) (D.D.C.) (Dec. 20, 2024).

follow their own prescribed procedures for conducting audits of 340B Program participants prior to taking adverse action against them. Nothing less. Nothing more.

Accordingly, the cases differ significantly in their focus, legal basis, specific allegations, relief sought, and the impact on the plaintiffs. Specifically, the *Amgen* complaint challenges the merits of the certification and recertification process of entities under the 340B program, while the Sagebrush complaint contests only the termination of its sites from the program without Due Process. The merits are not implicated by the Sagebrush complaint, which is focused exclusively on the failure to follow the prescribed procedures.

Thus, there are no common issues of fact between the present case and the *Amgen* case. If the Court ultimately agrees with Plaintiff that Defendants have failed to follow their prescribed procedures and have violated the Administrative Procedure Act (the "APA") and the Due Process Clause of the Constitution, the remedy will be to restore Plaintiff to the 340B Program and to remand this matter to Defendants to follow their procedures where the merits may be decided by the administrative agency. The narrow APA and Due Process issues presented by this case have no commonality or facts that are shared with the *Amgen* case. The cases are unrelated and should remain that way.

Dated: January 24, 2025 **ARENTFOX SCHIFF LLP**

By: /s/ James H. Hulme
James H. Hulme (Bar No. 323014)
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Ph: 202.857.6000
Fax: 202.857.6395
james.hulme@afslaw.com
*Counsel for Plaintiff*