IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAGEBRUSH HEALTH SERVICES, a Nevada nonprofit foundation<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOROTHY FINK, Acting Secretary of Health and Human Services, et al.<br><br>　　　　Defendants. | Civil Action No. 25-127 (LLA) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENFORCE ADMINISTRATIVE STAY**

　　Defendants have repeatedly declined to reinstate Plaintiff Sagebrush Health Services' sites to the 340B Program, in direct violation of this Court's January 17, 2025, administrative stay (the "Order"). Defendants were unequivocally ordered to return Sagebrush to "the last *uncontested status* which preceded the pending controversy." In its Order to Show Cause, the Court issued a clear warning that failure to do so would violate the Order. Despite this, Defendants have repeatedly and consistently refused to reinstate Sagebrush to the 340B Program. Moreover, they have continued to report in their published database that all of Sagebrush's sites are terminated from the 340B Program. Defendants' continued refusal to comply with this Court's Order is amplifying the irreparable harm experienced by Sagebrush—a harm which compounds daily.

　　Defendants' insistence that they are in compliance with the Order is in direct contravention of the Order itself and must be corrected immediately. For this reason, Sagebrush requests that the Court find Defendants in contempt of the Order and address the contempt by expressly ordering

Defendants to reinstate the Sagebrush sites to the 340B Program pending further order of the Court. Plaintiff further requests that the updated Order specifically instruct Defendants to update the applicable websites to reflect either that the Sagebrush sites are active or an administrative stay is in place.

### I. The Court May Utilize an Administrative Stay to Restore the Status Quo

Defendants' characterization of the administrative stay as a "third tool…subject to some unidentified standard…" and their further assertion that this Court does not retain the authority to issue such a stay, is contrary to statute and case law. 5 U.S.C. § 705 specifically authorizes this Court to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceeding." This relief has repeatedly been found to include the administrative stay. *See Affinity Healthcare Servs., Inc. v. Sebelius*, 720 F. Supp. 2d 12, 15 n.4 (D.D.C. 2010) (Section 705 "authorizes reviewing courts to stay agency action pending judicial review."); *see also Texas v Biden*, 646 F. Supp. 3d 753, 770 (N.D. Tex. 2022); *Texas v. EPA*, 829 F.3d 405, 435 (5th Cir. 2016) ("[w]e have the power to stay the agency's action 'to the extent necessary to prevent irreparable injury[.]'" (quoting 5 U.S.C. § 705) (emphasis removed).

28 U.S.C. § 1651 also provides a statutory basis on which this Court may issue administrative stays. *See Abdah v. Bush*, No. CIVA041254(HHK)(RMC), 2005 WL 589812, at *4 (D.D.C. Mar. 12, 2005) (discussion of an administrative stay issued by the court in advance of a hearing on a requested temporary restraining order); *see also S. L. V. v. Rosen*, No. SA-21-CV-0017-JKP, 2021 WL 243442, at *7 (W.D. Tex. Jan. 25, 2021); *Vijender v. Wolf*, No. 19-CV-3337, 2020 WL 1935556, at *1 (D.D.C. Apr. 22, 2020) (noting that the court had granted a "temporary stay of removal" to obtain "expedited briefing regarding the court's jurisdiction over the matter");

*Alam v. Nielsen*, 312 F.Supp.3d 574, 577 (S.D. Tex. 2018) ("[i]n recognition of the jurisdictional question's complexity, the Court has thus far stayed the removal of [plaintiff]"); *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1160 (D.N.M. 2014) ("[a]t the hearing, the Government conceded that this Court has jurisdiction to issue a stay of removal while it considers its own jurisdiction. The Court entered a limited stay to consider the jurisdictional issues and requested additional briefing on the Suspension Clause issue."), motion for relief from judgment granted, No. CIV 14-769 JCH/CG, 2015 WL 7454248 (D.N.M. Sept. 23, 2015).

Finally, the United States Supreme Court has held that a court may issue administrative stays utilizing the inherent authority to manage the court's docket as well as its power. *See U.S. v. Texas*, 144 S. Ct. 797, 798, fn. 1 (2024). A Court may issue an administrative stay **prior to consideration of the merits of a case**, as an administrative stay is designed to "freeze legal proceedings until the court can rule on a party's request for relief." *Id*. at 798. While such a stay does "not typically reflect the court's consideration of the merits of the stay application . . . [t]heir point is to minimize harm while the . . . court deliberates . . ." *Id*. at 799.

On the morning of January 13, 2025, Sagebrush was informed that twenty of their 340B eligible sites would be removed from the 340B Program in a matter of hours. *See* ECF 2-1 at pp. 7-8. Because such a termination would inevitably result in the close of Sagebrush's operations, Sagebrush moved for a temporary restraining order and preliminary injunction on January 16, 2025. *See* ECF 2. The Court's Order, issued the next day, was designed to minimize harm while the Court considered the substantive legal issues. *See* ECF 8. The Order's defining of "status quo" as the "last *uncontested* status which preceded the pending controversy" is, as stated above, both well within the Court's power and consistent with the core purpose of an administrative stay—to minimize harm while providing a court time to deliberate. The harm inflicted upon Sagebrush after

its wrongful termination from the 340B Program is extensive, and it is precisely this outcome that the Court sought to avoid when issuing its Order.

Defendants have, by their own admission, failed to comply with the Court's Order.

## II. Defendants Are in Violation of the Administrative Stay

### a. Defendants' Representation of the Administrative Stay Is Inaccurate

Defendants' argument that the Administrative Stay only required the Defendants to "(1) "refrain from terminating . . . Sagebrush's allegedly ineligible clinics[;]" (2) "refrain from . . . enforcing the termination of Sagebrush's allegedly ineligible clinics[;]" and (3) "refrain . . . from requiring Sagebrush to repay funds allegedly owed to drug manufacturers participating in the 340B Program" is an inaccurate interpretation of the Order. *See* ECF 15 at p. 3. The Order specifically directed the parties to "maintain the status quo until Sagebrush's motion is fully briefed." *See* ECF 8 at p.3. The Order emphasized this intention by explicitly defining "status quo" as "the last *uncontested status* which preceded the pending controversy. *See* ECF. 8 at p.2 (emphasis in the original). The last uncontested status preceding this controversy, and the only resolution fulfilling the Court's goal of minimizing harm, requires Sagebrush's readmission into the 340B Program, which Defendants have repeatedly refused to do.

Defendants' refusal to continue Sagebrush in the 340B Program is a clear and willful violation of the Order.

### b. The Order's Language Expressly Prohibits Enforcement of Sagebrush's Termination from the 340B Program

Even if the Order had not required restoration of the pre-litigation status quo, Defendants have still violated the Order by continuing to publicize and enforce Sagebrush's termination from the 340B Program. The Order expressly prohibited Defendants from enforcing the termination of Sagebrush's clinic sites from the 340B Program. *See* ECF 8 at p.3. HRSA effectuated the removal

of Sagebrush's sites from the 340B Program by two methods: 1) Listing the date of each site's termination on the Office of Pharmacy Affairs Information System ("OPAIS") website database; and 2) posting letters from HRSA to Sagebrush on HRSA's "Program Integrity" website regarding the sites' termination. Drug manufacturers participating in the 340B Program routinely access these two sites as a database when confirming the enrollment of a site or entity in the 340B Program. Thus, by constantly republishing this data on its website, Defendants are constantly informing drug manufacturers and others that Sagebrush has been terminated—in direct violation of the Court's Order.

Moreover, as of the filing of this Reply, HRSA's Program Integrity public webpage features hyperlinks to two letters from HRSA to Sagebrush. The most recent letter, dated January 13, 2025, is titled "HRSA Letter to Sagebrush Regarding Site Termination." **(Exhibit A).** Also, as of the filing of this Reply, Sagebrush's listings in the OPAIS database continue to reflect Sagebrush's sites as terminated effective January 14, 2025. **(Exhibit B).** To comply with the Court's Order, HRSA should have updated OPAIS to reflect the sites as registered, and either: 1) delete the letters from the Program Integrity webpage, or 2) post a notice on the Program Integrity webpage that this Court's administrative stay is in effect. By failing to take any action, HRSA has continued to publicize and enforce the termination of Sagebrush's sites in contravention of the Order.

This irrefutable evidence unequivocally demonstrates that Defendants have consistently disregarded this Court's Order.

### III. Defendants Should Be Held in Contempt for These Egregious and Continuing Violations

Courts have the inherent authority to enforce their orders through the exercise of their contempt powers. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L.Ed.2d 27

(1991) (observing that "it is firmly established that 'the power to punish for contempt is inherent in all courts.'"). Specifically, courts may utilize civil contempt proceedings to obtain compliance with an order or to compensate for damage sustained as a result of noncompliance with an order. *Food Lion, Inc. v. United Food and Comm. Workers Int'l Union*, 103 F.3d 1007, 1016 (D.C. Cir. 1997); *NLRB v. Blevins Popcorn Co.,* 659 F.2d 1173, 1184 (D.C. Cir. 1981).

The Defendants' assertion that they are adhering to the Order as per their interpretation is undermined by their refusal to alter their stance following this Court's Order to Show Cause, which expressly stated that it appeared to the Court "that Defendants have not complied with the court's administrative stay." *See* ECF 13. In other words, the Court expressly advised Defendants' that their interpretation of the Order was incorrect. Defendants admitted in their own filings that they have refused to maintain the status quo as required by the Order and have done nothing to cease enforcing the termination of Sagebrush's sites. In light of this, Plaintiffs respectfully request that the Court hold Defendants in contempt of court and provide the appropriate relief as set forth in the proposed order filed with this memorandum.

**WHEREFORE**, Sagebrush requests the Court to:

a) Issue a finding of Contempt against Defendants due to their continued refusal to comply with this Court's lawful Administrative Order;

b) Instruct Defendants to readmit Sagebrush's sites to the 340B Program pending a further order of the Court;

c) Instruct Defendants to remove the January 14, 2025 "termination dates" from Sagebrush's site listings on the Office of Pharmacy Affairs 340B Program database.

d) Instruct Defendants to remove any reference to Sagebrush's termination, including the January 13, 2025, letter titled "HRSA Letter to Sagebrush Regarding Site Termination", from

any part of HRSA's website;

 e) Instruct Defendants to refrain from requiring Sagebrush to repay funds allegedly owed to drug manufacturers participating in the 340B Program;

 f) Grant such further relief as this Court deems just, equitable, and proper.

Dated: January 25, 2025         **ARENTFOX SCHIFF LLP**

                 By: /s/ James H. Hulme
                   James H. Hulme (Bar No. 323014)
                   ArentFox Schiff LLP
                   1717 K Street, NW
                   Washington, DC 20006
                   Ph: 202.857.6000
                   Fax: 202.857.6395
                   james.hulme@afslaw.com
                   *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on January 25, 2025, that I will electronically file a true and correct copy of the foregoing document with the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kimberly Stratton
U.S. Attorney's Office
601 D Street N.W.
Washington, DC  20530
202.417.4216
kimberly.stratton@usdoj.gov

*Counsel for all Defendants*

/s/ James H. Hulme
James H. Hulme